United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40329
Summary Calendar

ROBERT CLINTON HINKLE,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-110
--------------------

Before BARKSDALE, Emilio M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Robert Clinton Hinkle, Texas inmate #877047, of capital murder, finding that he shot and killed two men as they sat in his living room. The trial court sentenced Hinkle to life imprisonment. The district court granted a COA on the issue whether counsel provided ineffective assistance when he told Hinkle's witnesses that their testimony was not needed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Federal habeas relief may not be granted on questions adjudicated on the merits by a state court unless the state court's decision (1) was contrary to or was an unreasonable application of clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

To establish ineffective assistance, Hinkle must show that counsel's performance was deficient and that the deficient performance caused him prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984). "[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy," and counsel is entitled to a presumption that his performance was adequate. Wilkerson v. Cain, 233 F.3d 886, 892-93 (5th Cir. 2000). To demonstrate the required Strickland prejudice on his claim of ineffective assistance based on uncalled witnesses, Hinkle "must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002).

The district court concluded that Hinkle did not show that the uncalled witnesses' testimony would have been favorable and that counsel's decision to omit the testimony was not a matter of sound trial strategy. See Evans, 285 F.3d at 377; Wilkerson, 233 F.3d at 892-93. We agree.

Hinkle has not made the showing required under 28 U.S.C. § 2254(d). Accordingly, the judgment of the district court is AFFIRMED.